At this term, the opinion of the Court, was delivered by
IIornblower, C. J.
Money, whether in specie or in bank notes, (which are treated, civiliter, as money,) if in the possession of the defendant, or capable of being identified as his property, may be taken in execution, or under an attachment. It was so held by the Supreme Court of New York, in Handy v. Dobbin, 12 Johns, R. 220; and by the Supreme Court of the United States, in Turner v. Fendall, 1 Cranch, 117. Butin this latter case, the Court decided that if a sheriff has money in his hands, raised by him on execution, in favor of one man, he cannot take that money on an execution in favor of another person, against that man; for the money so raised by him, does not become the goods and chattels of the one for whom it was raised, until it has been paid over to him — and that by the command of the writ, the sheriff is in strickness, bound to bring the money into Court, there to be paid to the plaintiff, or be disposed of, as the Court shall direct.
In Ross v. Clarke, 1 Dall. R. 354, the ease was; that Ross had paid money into Court for Clarke, in a suit between them on scire facias in which Ross was defendant. Ross then sued out an attachment against Clarke, and laid it on the money in the hands of the Prothonotary; but the Court set aside the attachment, saying that the money was to be considered the same, as if it had been paid into the hands of the sheriff. Mr. Sergeant in his Treatise on Foreign Attachments, (fol. 74.) states it as a rule, that money levied in execution by the sheriff, upon a fieri facias, and in his hands, cannot be attached — and so it is laid down in 1. Comyn’s Dig. tit. attachment, letter D. which cites 1 Leon. 30, 264.
Notwithstanding these authorities, it may be insisted, that as our statute directs that the writ of attachment shall be executed» *308 by attaching “ the moneys, as well as the rights and credits ” of the defendant; moneys, in the hands of a sheriff raised by him on execution in favor of the defendant in attachment, may be taken. But upon reflection, I am satisfied the proceeding is wrong upon principle — wrong, not only, because the money, is not the money of the defendant in attachment, until it has been paid over to him, by the sheriff, or in some other way definitively designated as his, or appropriated exclusively to his use; but wrong, because it would lead to embarrassment and confusion, to permit one process of the Court, to intercept moneys raised on another, while in the hands of the officer. But more than this, it might frequently lead to injustice. Chief Justice Marshall, in Turner v. Fendall, before cited, after noticing the case of Staple v. Bird,, {Barn, notes, 214,) in which the sheriff was compelled to pay the amount raised by him on execution, to an assignee of the judgment, although, he had levied on the money in his bands in virtue of another execution, and paid it oyer to the plaintiff therein, remarks, “ that in that case, the person in whose name, the judgment was rendered, was not entitled to the money received under it,” and that “ the very frequency of such a state of things, furnishes an argument of no inconsiderable weight against thé right to levy an execution on money so circumstanced. The equitable rights of persons whose names do not appear in the execution, ought to be preserved; and considerable injustice might result from imposing on the sheriff, the duty of deciding at his peril, on such rights.” I admit, that these observations of Chief Justice Marshall, were made in reference to a levy upon the money, by an execution : but the objection is equally strong when applied to a seizure under attachment. How often does it happen, that another judgment creditor, or some other person, has an equitable right to the money raised on execution, although their names do not appear in the process ? But if an attachment, at the suit of a stranger, is to take the money out of the hands of the sheriff, the moment it is raised, how can the Court protect the rights of other judgment creditors, or bona fide assignees of the judgment and execution on which the money is raised ? Such a course must frequently result in litigation or injustice; and the only way to avoid such conflicts, is to adopt the safe principle, that if the money is raised and in the hands *309 of the sheriff, it is iu the custody of the law, and under the control of the Court.
So far therefore, as respects the seizure of the three hundred and sixty dollars, in the hands of the sheriff, as the money, of the defendant in attachment, the seizure was wrong, and the sheriff did right in not delivering over the money to the auditors:— Nevertheless, the attachment was well served on the rights and credits of the defendant in attachment, in the hands of the sheriff; and he having received this money, for the defendant in attachment, it was a right and credit in his hands to that amount. What then ought the sheriff to do under such circumstances ? His course is a plain one. He should obey the command of the writ of execution under which he raised the money. He should bring the money into Court, and give notice to the plaintiff in attachment, or to the auditors, that he has done so. The Court then can control the application of the funds, and protect their officer in the discharge of his duty. If after paying the money into Court, a sheriff should be sued by scire facias, as a garnishee, he may protect himself by shewing, that he has obeyed the process, under which he raised the money. I am therefore of opinion, that the scire facias in this case, ought to be dismissed, and that the sheriff bring the money into Court, to be paid over by the clerk, to the auditors in attachment, if no person interposes a claim to it, paramount to the title of the plaintiffs in execution. And as this case has been amicably submitted to the Court for its advisory opinion, let the scire facias be dismissed without costs on either side.
Scire facias dismissed without costs.
Cited in Lomerson v. Huffman, 1 Dutcher 632.